UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KASHEYON LEE-CHIMA,** | : |
| **Plaintiff** | :   **CIVIL ACTION NO. 1:20-2349** |
| v. | :   **(JUDGE MANNION)** |
| **K. HUGHES, *et al.*,** | : |
| **Defendants** | : |

# MEMORANDUM

## I. BACKGROUND

Plaintiff, Kasheyon Lee-Chima, an inmate in state custody who was formerly confined at the State Correctional Institution in Waymart, Pennsylvania (SCI Waymart), filed the above-captioned civil rights action pursuant to 42 U.S.C. §1983.[1] For the past several months, the parties have been conducting discovery.

Presently before the Court is Lee-Chima's motion to compel discovery pursuant to Federal Rule of Civil Procedure 37. (Doc. 92). For the reasons set forth below, the Court will deny Lee-Chima's motion.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

## II. STANDARD OF REVIEW - MOTION TO COMPEL

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the district court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, the Court's decisions regarding the conduct of discovery, including whether to compel disclosure of materials sought in discovery, will only be disturbed upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. Accordingly, courts often—and appropriately—liberally apply discovery rules. See Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). See McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

## III. DISCUSSION

Lee-Chima identifies three types of discovery that he requested and claims has yet to be produced by Defendants: closed-circuit video footage from the prison, photographs of his injuries, and witness depositions. The Court will address each request in turn.

### A. Video Footage

Lee-Chima alleges that he requested production of "ALL" video footage pertaining to the events relevant to his lawsuit. (Doc. 93 at 5). He asserts that he sought any video from "the scene of the use of excessive force," his "escort to the R.H.U.," the "intake and strip," his "escort from the strip cage to the R.H.U. cell," and footage of him "conversing with the listed witnesses." (Id.) He contends that he has not received footage from the last two categories—his escort from the strip cage to the R.H.U. cell and him conversing with witnesses. (Id.)

Defendants respond that they have produced all the videos that were preserved by prison officials in connection with the alleged excessive-force incident and there is no responsive video as to the last two categories. Because all relevant video footage has been produced, Lee-Chima's motion to compel additional video footage must be denied. Simply put, the Court cannot compel Defendants to produce what they do not have.

- 3 -

## B. Photographs

Lee-Chima next claims that he requested production of "ALL medical photographs taken" of his injuries but that he "only received two photographs" and "neither photograph were [sic] photos of the areas containing the injuries." (Doc. 93 at 6). Defendants initially failed to respond to this portion of Lee-Chima's motion to compel, likely because it is first mentioned on page 6 of his brief and is not included in his statement of facts as part of the materials he is seeking.

The Court directed Defendants to supplement their briefing and Defendants complied. (See generally Docs. 104, 107). They respond that, after multiple searches, all photographs from the incident that were preserved have already been provided to Lee-Chima. (See Doc. 107 at 1-2; Doc. 107-1; Doc. 107-2; Doc. 107-3). Accordingly, the Court will likewise deny Lee-Chima's motion to compel additional photographs, as Defendants cannot be compelled to produce that which they do not possess.

## C. Depositions

In his last request, Lee-Chima contends that he asked Defendants for their assistance with "conducting, arranging, scheduling, and recording the depositions of multiple witnesses" but Defendants did not comply. (Doc. 93 at 2). This Court, however, has explained to Lee-Chima on multiple

occasions that Defendants are not responsible for obtaining a court reporter or paying for Lee-Chima's civil litigation expenses. (See Docs. 86, 89).

Defendants aver that they are "ready, able, and willing to assist" with helping to coordinate the depositions with the Department of Corrections and relevant party witnesses, but they cannot take any action until Lee-Chima has contracted a court reporter agency and established that he has sufficient funds to cover the costs of any deposition that he wishes to take.

The Court once again admonishes Lee-Chima that, although he is indigent and proceeding under 28 U.S.C. § 1915, he is still responsible for the costs of discovery. See Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (explaining that witness fees and costs are not underwritten or waived for indigent civil rights plaintiffs proceeding under 28 U.S.C. § 1915); Brooks v. Quinn & Quinn, 257 F.R.D. 415, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); cf. Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought

by an indigent litigant."); Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (explaining that there is no "legislative provision" for expert witness fees for indigent civil rights plaintiffs). Thus, if Lee-Chima desired to depose a witness or multiple witnesses, he would be responsible for paying the associated costs of that discovery.

In correspondence to Defendants, Lee-Chima states that he is "perceiving" this Court's orders denying his request to avoid deposition costs as "discriminat[ion] against [him] due to [his] financial/economic status" and an "act of prejudice." (Doc. 93 at 12-13). To the contrary, Lee-Chima—like all other counseled or *pro se* litigants—is responsible for the costs of discovery. Thus, he is being treated *the same* as any other civil litigant in federal court, not differently. As this Court has repeatedly explained, this is not a criminal case and there is no provision in Section 1915 for payment of litigation expenses for indigent litigants by the federal government with taxpayer money. Tabron, 6 F.3d at 159. Accordingly, Lee-Chima's motion to compel with respect to depositions is denied as well.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Lee Chima's motion (Doc. 92) to compel. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 11, 2023**
20-2349